Not For Publication

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARY LOU JAKUBOWSKI, | : | |
| | : | Civil Action No. 04-5390 |
| Plaintiff, | : | Hon. Faith Hochberg, U.S.D.J. |
| | : | |
| | : | **OPINION** |
| | : | |
| v. | : | December 8, 2005 |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**HOCHBERG, District Judge.**

This matter is before the Court upon Plaintiff's application pursuant to 42 U.S.C. § 1383(c)(3), to review a final determination of the Administrative Law Judge denying Social Security Disability Insurance Benefits. The matter has been decided upon the written submissions of the parties pursuant to Fed. R. Civ. P. 78.

**I.    Background**

Plaintiff, Mary Lou Jakubowski, was insured for Social Security disability benefits through December 31, 2001. Plaintiff alleges that she became disabled on January 1, 2001, as a result of osteoarthritis and a total bilateral hip replacement.

On October 22, 2001, Plaintiff applied for Social Security Disability Insurance Benefits. Her application was denied initially, and again on reconsideration, by the Commissioner of Social Security. Although her request for a hearing was untimely, she established good cause for late filing of her request. Following a March 29, 2004 hearing, Administrative Law Judge

("ALJ") Dennis O'Leary denied Plaintiff's claim for benefits on April 7, 2004.[1]  The Appeals Council denied review on August 30, 2004.

Plaintiff filed the instant complaint in this Court on May 10, 2005, raising two arguments in support of reversal or remand of ALJ O'Leary's decision to deny her Social Security benefits.  First, Plaintiff argues that ALJ O'Leary neglected to take into account several of Plaintiff's medical records and relied upon his own presumed medical knowledge to find that Plaintiff's diabetes, depression and left upper extremity condition were not "severe" impairments that existed prior to the expiration of her insured status.  Second, Plaintiff contends that ALJ O'Leary erred in failing to obtain the testimony of a medical advisor during Plaintiff's hearing.

**II.     Standard for Finding of Disability**

An individual may be entitled to Social Security benefits upon a finding of disability demonstrating that she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).  A disabling impairment is defined as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(D).  An individual will be deemed to be disabled only if the impairment is so severe that she is not only unable to do her previous work, but cannot, considering her "age, education, and work experience, engage in any other kind of substantial

---

[1] ALJ O'Leary's opinion, medical documentation, and Plaintiff's testimony are discussed in detail in the analysis at Part IV below.

gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner of Social Security ("Commissioner") uses the following five-step analysis to determine whether an individual is disabled:

<u>Substantial Gainful Activity</u>.  The Commissioner first considers whether the individual is currently engaged in substantial gainful activity.  If there is such activity, the individual will be found not disabled without consideration of her medical condition. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

<u>Severe Impairment</u>.  If there is no substantial gainful activity, Plaintiff must then demonstrate that she suffers from a severe impairment or combination of impairments that significantly limits her ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c) and 416.920(c).

<u>Listed Impairment</u>.  If Plaintiff demonstrates a severe impairment, the Commissioner will then determine whether the impairment is listed in the regulations set forth at 20 C.F.R. § 404, Subpart P or is equal to a Listed Impairment.  If the individual has such an impairment, the Commissioner will find the individual disabled.

<u>Past Work</u>.  If the individual does not have a listed impairment, the fourth step is to determine whether, despite her impairment, the individual has the residual functional capacity to perform her past relevant work.  Residual functional capacity is defined as what the claimant can still do despite her limitations.  20 C.F.R. §§ 404.1545(a) and 416.945(a).  If she does have the capacity to perform past work, the individual will be found not disabled. 20 C.F.R.  §§ 404.1520(f) and 416.920(f).

Other Work. Finally, if the individual is unable to perform work done in the past, the Commissioner then considers the individual's residual functional capacity, age, education, and past work experience to determine if she can do any other work. If she cannot perform other work, the individual will be found disabled. 20 C.F.R. §§404.1520(g) and 416.920(g).

The five-step analysis to determine whether an individual is disabled involves shifting burdens of proof. *Wallace v. Sec'y of Health and Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983). The claimant bears the burden of production and persuasion through the first four steps; however, if the analysis reaches the fifth step, the Commissioner bears the burden of proving that the individual is capable of performing gainful employment other than the claimant's past relevant work and that jobs which the plaintiff can perform exist in substantial numbers in the national economy. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985). If there is a finding of disability or non-disability at any point during the review, the Commissioner will not review the claim further. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III.  Standard of Review

In accordance with 42 U.S.C. § 405(g), this Court must review the factual findings of the ALJ to determine whether the administrative record contains substantial evidence for such findings. *See Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). A decision concerning disability benefits must be upheld by the Court if an examination of the record reveals substantial evidence supporting the ALJ's conclusion. 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla of evidence; "[i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

(quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  Where evidence in the record is susceptible to more than one rational interpretation, the Court must endorse the Commissioner's conclusion.  *Alexander v. Shalala*, 927 F. Supp. 785, 791 (D.N.J. 1995), *aff'd*, 85 F.3d 611 (3d Cir. 1996) (citing *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).  "The ALJ's responsibility is to analyze all evidence and to provide adequate explanations when disregarding portions of it."  *Snee v. Sec'y of Health and Human Servs.*, 660 F. Supp. 736, 739 (D.N.J. 1987) (citing *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981); *Dobrowolski v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979); *Gober v. Mathews*, 574 F.2d 772, 776 (3d Cir. 1978)).

**IV.   Analysis**

    A. <u>ALJ's Decision</u>

In reaching the determination that Plaintiff was not entitled to disability benefits, at step four of the analysis, ALJ O'Leary concluded that, despite her diabetes, osteoarthritis, and hip replacements, Plaintiff had the residual functional capacity to perform her past relevant work as a receptionist/recruiter.

At step four, ALJ O'Leary upon review of the medical evidence and Plaintiff's testimony concluded that despite her impairments, Plaintiff maintained the residual functional capacity to lift and carry ten pounds, and during the course of an 8-hour work day she could sit for a total of 6 hours and stand and walk for at least two hours, but with occasional restrictions relative to repetitive bending.  As a receptionist/recruiter who performed work at a "sedentary level of exertion," ALJ O'Leary determined that Plaintiff had the residual functional capacity to perform her past relevant work.  *Sykes v. Apfel,* 228 F.3d 259, 263 (3d Cir. 2000).

B. <u>Plaintiff's Arguments for Reversal or Remand</u>

Plaintiff argues that ALJ O'Leary's finding of no severe impairments prior to the expiration of her insured status was erroneous because he relied on his own presumed medical knowledge. However, Plaintiff fails to point to any evidence which indicates that ALJ O'Leary relied on his own knowledge. Further, Plaintiff's contention that her depression, anxiety, diabetes, and "left upper extremity condition" satisfy the disability requirements because they are systemic diseases that slowly progress over the course of years is misguided because a disease must be disabling prior to the expiration of the insured status to qualify as severe under 42 U.S.C. §§ 423 and 1382c.

First, there was evidence in the record before ALJ O'Leary to indicate that Plaintiff had no treatment for the left upper extremity condition other than two trigger point injections. No medical evidence was presented to indicate that this condition lasted for the required minimum of 12 months. <u>See</u> 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). Second, with respect to Plaintiff's alleged depression and anxiety, Plaintiff failed to present evidence that she sought treatment for this condition while she was insured. Indeed, Plaintiff provided no evidence to contradict Dr. Anna Marie Resnikoff's determination that Plaintiff's mental impairments did not prevent her from basic work activities.[2] Third, no evidence existed to suggest that her diabetes was severe before the expiration of her insured status.[3] The objective clinical evidence does not

---

[2] Dr. Resnikoff's records from her March 2002 examination of Plaintiff indicate that Plaintiff reported being able to drive, go grocery shopping, babysit, crochet, and go to the movies.

[3] Plaintiff was diagnosed with diabetes in 1987, but had not received formal diabetes education and remained on a low dose of Diabeta for many years with good control. Dr. Roque's examination of the Plaintiff after the expiration of her insured status revealed no evidence to suggest any end-organ damage associated with Plaintiff's diabetic process prior to the expiration

support, to the extent alleged, Plaintiff's alleged inability to sit for more than 20 minutes at a time. Moreover, clinical notes show that all of Plaintiff's alleged impairments were controlled and/or stabilized with medication. Plaintiff's own testimony does nothing to bolster her allegations: Plaintiff made no mention in her disability report dated October 22, 2001, or in her testimony in March 2004, that she had been suffering from depression or a left upper extremity condition in 2001.

It is Plaintiff's burden to establish that her impairments are severe under step two and three of the analysis. The ALJ had a sufficient basis to find that Plaintiff did not meet her burden. Plaintiff's own description of physical or mental impairment is not enough to establish disability. *Green v. Schweiker,* 749 F.2d 1066, 1068-9 (3d Cir. 1984); 20 C.F.R. § 404.1528(a). She must also establish, by objective medical evidence, that she has a condition which reasonably could be expected to produce the alleged symptoms that are the cause of her inability to work. *Williams v. Sullivan,* 970 F.2d 1178, 1186 (3d Cir. 1992). The record is devoid of any evidence from a physician to suggest that the impairments alleged by Plaintiff were actually disabling. Plaintiff does not meet the statutory definition of disability because she has failed to submit objective medical evidence to show that her medical conditions and residual capabilities satisfy the Social Security regulations. Because substantial evidence exists to support ALJ O'Leary's finding that Plaintiff's allegations of total disability were not fully credible, this Court will affirm ALJ O'Leary's finding that Plaintiff did not suffer from any severe impairments.

Plaintiff's argument that ALJ O'Leary erred in failing to secure the services of a medical expert during Plaintiff's hearing also fails. The burden is on a plaintiff in a Social Security disability proceeding to present medical findings that show that an alleged impairment matches a listing in the federal regulations or is equal in severity to a listed impairment. *Burnett v. Comm'r*

---

of her insured status. There were no documented complications such as peripheral neuropathy, nephropathy, or retinopathy that resulted in any functional limitations.

*of Soc. Sec.,* 220 F.3d 112 (3d Cir. 2000). The ALJ is required to fully develop the record and explain his findings at step three, including an analysis of whether and why the Plaintiff's impairments are or are not equivalent in severity to one of the listed impairments. *Burnett*, 220 F.3d at 120. There was sufficient development of the record and explanation of findings in Plaintiff's case. For example, ALJ O'Leary identified and discussed the evidence pertaining to Plaintiff's alleged ailments (diabetes, osteoarthritis, post hip replacement status, depression and left upper extremity condition), and explained that the medical evidence did not establish that Plaintiff met any listed impairment.[4]

Moreover, the burden is on the claimant to demonstrate by medical evidence that she is unable to return to her former occupation. *Cotter v. Harris,* 642 F.2d 700 (3d Cir. 1981). An ALJ may ask for, and consider, the opinions of medical advisors on the nature and severity of impairment, but an ALJ is not required to call upon the services of a medical expert. 20 C.F.R. § 404.1527(f)(2).

Plaintiff's reliance on this court's decision in *Crescenzi v. Commissioner,* Civil Action No. 01-5945, is misplaced. The facts of that case are distinguishable from the facts here. In *Crescenzi*, this Court followed the holdings in *Walton v. Halter, 243 F.3d 703 (3d Cir. 2001)* and *Newell*, and required the ALJ to enlist the services of a medical expert to determine the onset date of disability because neither adequate medical records from the relevant time period nor an opinion based on contemporaneous observation was available. The Court also found that the ALJ did not sufficiently explain his disregard for one physician's opinion that Plaintiff's disability existed prior to the expiration of Plaintiff's insured status. The factual circumstances in *Crescenzi*

---

[4] Specifically, ALJ O'Leary concluded that Plaintiff did not meet or equal Listings 1.02A, 1.03 or 12.04. Substantial evidence supports ALJ O'Leary's finding that Plaintiff's impairments did not meet or equal the Listing of Impairments contained in Appendix 1 of Subpart P, Regulations No. 4.

are clearly distinguishable from those here. The records here show that adequate medical records exist from the relevant time period. Doctors had examined Plaintiff, and their reports did not support the alleged onset date. In his decision, ALJ O'Leary cited several medical reports from the relevant time period to support his finding that Plaintiff's impairments were not disabling prior to the expiration of the insured status. Plaintiff's dissatisfaction with that determination is based solely on her testimony,[5] which contradicts the medical record. ALJ O'Leary's decision is explained and supported by substantial evidence. Therefore, Plaintiff's contention that ALJ O'Leary erred in failing to secure the services of a medical expert is without merit.

## V.   Conclusion

In reviewing ALJ O'Leary's opinion, the parties' briefs, and the evidence in the record, this Court determines that ALJ O'Leary had substantial evidence for his determination at step four that Plaintiff had the residual functional capacity to return to her past relevant work as a sedentary receptionist/recruiter. An appropriate order affirming the decision will issue.

/s/ **Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.

---

[5] The ALJ should consider the entire record when determining a plaintiff's credibility and whether a plaintiff can return to past work. *See LaCorte v. Bowen*, 678 F. Supp. 80, 83 (D.N.J. 1988). Plaintiff makes several arguments in her brief, but not one is supported by medical evidence. In Plaintiff's entire brief, the only mention of any medical evidence is on page 17, where Plaintiff lists the medications she was taking shortly after the expiration of her insured status.